WOOD, PLAINTIFF, *v.* GALPERT ET, DEFENDANTS.

Common Pleas Court, Cuyahoga County.

No. 791317.   Decided February 5, 1964.

*Messrs. Parks & Eisele,* for plaintiff.
*Messrs. Woodle & Wachtel, Messrs. Parks & Eisele,* and *Mr. D'Arnold Davis,* for defendant.

LYBARGER, J. In this action the plaintiff, Elmer R. Wood, on October 28, 1963, obtained a judgment lien by assignment from Business Finance Corp., which judgment (in the sum of $28,442.35) was against defendant, Security Septic Tank Co., Fred J. Wood and Francella D. Wood. Plaintiff, as assignee, duly filed the assignment for record with the Clerk of Courts of Cuyahoga County. Moreover, Fred J. Wood was the owner of certain parcels of real estate located in this County at the time said judgment was rendered and judgment lien acquired. Sometime subsequent to the creation, recordation and assignment of the judgment lien on said real estate, Fred J. Wood conveyed his interest therein to defendant, Viola Galpert. Previous to all of the aforesaid proceedings, Fred J. Wood conveyed a mortgage interest in said premises to defendant, Lois M. Wood.

It has been established that plaintiff's judgment lien has not been fully paid. Plaintiff now seeks to foreclose the equity, if any, which each of the defendants has in said real estate, to marshal all liens, to have said real estate sold to satisfy his claim, and such other equitable relief to which he may be entitled. Among such other equitable relief, Plaintiff seeks the appointment of a receiver of the real estate in question. To this request defendants Security and Viola Galpert object.

Plaintiff maintains that such action is necessary in order to protect his interest in rental income since defendant Security

as lessee is now paying said rentals to someone other than plaintiff. Furthermore, plaintiff alleges that his lien will not be fully paid after sale of said premises on the ground that the prior interest of mortgagee—Lois Wood—will exhaust the assets.

Defendants, Security and Galpert, deny this allegation for the right to a receiver.

All parties agree that the right to the appointment of a receiver is now governed by statute in Ohio. See *Hoiles* v. *Watkins*, 117 Ohio St., 165. Section 2735.01, Revised Code, provides in part:

"A receiver may be appointed by . . . the court of common pleas . . . in the following cases:

"(A) In an action . . . by a creditor to subject property or a fund to his claim . . . when it is shown that the property or fund is in danger of being lost, removed, or materially injured; . . .

". . .

"(F) In all other cases in which receivers have been appointed by the usages of equity."

Moreover, all parties agree that plaintiff, Elmer R. Wood, qualifies under Section 2329.02, Revised Code, as a holder of a judgment lien. Said statute provides in part:

"Any judgment . . . rendered by any court of general jurisdiction, . . ., within this state shall be a lien upon *lands and tenements* of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment . . . ." (Emphasis added.)

Plaintiff acquired by lawful assignment such a judgment lien and refiled it as assignee.

The meaning of the word "tenements" as used in the above statute is drawn in question. Does it include rental income? The Court has found no cases squarely in point, but has found sufficient authority to answer the question. Most definitions of the word "tenements" lead back to the common law meaning iterated by Lord Coke, who defined tenements as including not only lands and other inheritances which were capable of being held (in freehold), but also rents. See 42 American Juris-

prudence, 198, Property, Section 16; 44 Ohio Jurisprudence (2d), 245, Property, Section 9; and *Moore* v. *Rittenhouse*, 15 Ohio St., 310.

Consequently, plaintiff has a lawful claim in the rental income accruing from the lease of the property in question.

The question of the loss or removal of said rents must now be considered. Since defendant Security is paying rentals to someone other than plaintiff, Security certainly has "removed" them from the control of plaintiff.

A similar situation as the case at bar is found in *Moore* v. *Rittenhouse, supra,* wherein the court appointed a receiver to collect rents and apply them to the claim of a judgment creditor. The appointment was made for the same reason as plaintiff has alleged, i. e., to secure some asset in payment of his claim where payment of a prior *mortgage* lien would probably have exhausted the other available assets.

The situation here is sufficiently analogous to warrant reliance on the *Moore case, supra,* as authority. Consequently, plaintiff falls under Section 2735.01, Revised Code, subsection (A) as a creditor having a claim on the rents from the real estate in question.

As to the applicability of subsection (F) of the same statute, it cannot be questioned that judgment creditors were entitled to the appointment of receivers under "the usages of equity" as far back as 1878 in England, if not farther than that, and certainly long before the enactment of Section 2735.01, Revised Code, or its antecedents. See the cases of *Anglo-Italian Bank* v. *Davis*, L. R. 9 Ch. (Eng.), 275, and *Re Pope*, 17 Q. B. D. (Eng.), 749. American authority can be found in *Turnbull* v. *Prentiss Lumber Co.*, 55 Mich., 387 and *Falmouth Bank* v. *Cape Cod Ship Canal Co.*, 166 Mass., 550. Also see 4 Pomeroy, Equity Jurisprudence, 930, Receivers, Section 1334.

It appears that plaintiff falls under the provision of subsection (F) of the statute.

It must be shown, however, before the appointment of a receiver can be made under any of the provisions of Section 2735.01, Revised Code, especially subsection (F), that the necessity therefor is "ancillary to some final relief in equity between the parties, and not the sole object sought." See *Hoiles* v. *Watkins, supra.* Plaintiff's main relief in this case is to reach

the tangible assets of the defendants by a forced sale thereof. His claim to an interest in the reasonable value of the rents is based upon the probability that the sale of the real estate will not fully pay his claim. This court cannot require him to make this a certainty before entitling him to the protection he seeks. It follows, therefore, that the appointment of a receiver is indeed ancillary to his ultimate relief and should be granted.

Plaintiff qualifies under both provisions (A) and (F) of the statute for the reasons stated. Consequently, a receiver will be appointed forthwith pursuant to plaintiff's motion.